NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RENE RODRIGUO CAGUANA LALA,

     Petitioner,

     v.

WARDEN, DELANEY HALL DETENTION CENTER,

     Respondent.

No. 26cv2441 (EP)

**MEMORANDUM ORDER**

**PADIN, District Judge.**

This matter comes before the Court upon Petitioner Rene Rodrigo Caguana Lala's First Petition for Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief under 28 U.S.C. § 2241.  D.E. 1 ("Petition").  Petitioner challenges his detention by immigration authorities as unlawful and seeks immediate release.  *Id.*

Respondent filed an answer in opposition to the Petition.  D.E. 5 ("Answer").  The Court, having reviewed all pleadings, motions, and supporting documents, and having determined that oral argument is not needed, *see* Fed. R. Civ. P. 78(b), L. Civ. R. 78.1(b), finds that Petitioner is unlawfully detained and entitled to release.

## I.     BACKGROUND

Petitioner, a citizen of Ecuador, entered the United States through an unknown date and time.  Answer at 2; D.E. 5-1, Ex. A ("Form I-213") at 2.  On March 1 2018, Petitioner was issued a I-862 ("Notice to Appear"), and on August 21, 2020, he filed an I-485 ("Register Permanent or Adjust Status"). Answer at 2 (citing Form I-213 at 2).  On May 4, 2023, an Immigration Judge

dismissed Petitioner's removal proceedings, and on July 9, 2024, Petitioner's I-485 application was closed. *Id.* (citing Form I-213 at 2).

Petitioner was arrested by ICE on March 7, 2026. Petition ¶ 1. According to ICE, Petitioner is detained without bond under 8 U.S.C. § 1225(b)(2), pursuant to *Matter of Yajure Hurtado*, 29 I&N Dec. 215 (BIA 2025). Answer at 2. Despite this Court's directive for Respondents to stipulate whether Petitioner has a criminal record, D.E. 2, Respondents did not indicate so in their Answer. *See* Answer. However, it appears that Petitioner has a non-felony conviction for driving under the influence in 2005 in New York. Form I-213 at 2.

## II.    DISCUSSION

### A.    Jurisdiction

The Court has jurisdiction under 28 U.S.C. § 2241(c)(3) to grant a writ of habeas corpus to a person in custody in violation of the Constitution, laws, or treaties of the United States. *See Demore v. Kim*, 538 U.S. 510, 517 (2003). "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A habeas petitioner has "the burden of sustaining his allegations by a preponderance of evidence." *Walker v. Johnston*, 312 U.S. 275, 286 (1941). District courts also have jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, and the ability to grant equitable relief in the absence of an exclusive statutory review scheme. *See Semper v. Gomez*, 747 F.3d 229, 235 n.2 & 242 (3d Cir. 2014).

### B.    Petitioner Is Unlawfully Detained in Violation of his Fifth Amendment Right to Due Process

Petitioner submits that his civil detention without adequate individualized review of whether he poses a flight risk or danger to the community violates his Fifth Amendment right to

due process.  Petition ¶¶ 13-28.  To the contrary, Respondent contends that Petitioner is lawfully detained under § 1225(b)(2) because he entered the country without inspection or parole and was initially detained by immigration authorities in the interior of the country without having been lawfully admitted, which makes him an "applicant for admission" under the statute, who is not entitled to a bond hearing.  Answer at 2.  However, Respondents acknowledges that the Answer (in which they assert that argument) relies on the same statutory interpretation arguments made and rejected by prior § 1225(b)(2) matters in this District and further acknowledge that the Amended Petition asserts facts materially similar to those prior cases.  *Id.* at 1 n.2.  Therefore, for the same reasons stated by this Court in *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981296 (D.N.J. Oct. 23, 2025), and similar decisions in this District, including but not limited to *Zumba v. Bondi*, No. 25-14626, 2025 WL 2753496 (D.N.J. Sept. 26, 2025), the Court holds that Petitioner's mandatory detention under § 1225(b)(2) violates the statute as well as Petitioner's Fifth Amendment right to due process.

Petitioner seeks traditional habeas relief of release from custody.  Pet. at 2-3.  Respondents argue that a bond hearing is the only proper remedy.  Answer at 2.  Under the circumstances present here, where no initial determination was made, and there is no evidence to suggest that Petitioner presents a flight risk or danger to the community to justify his civil detention, the Court finds that release is a proper habeas remedy.  *See, e.g.*, *Lliguicota v. Cabezas*, No. 25-17216, 2025 WL 3496300, at *2 (D.N.J. Dec. 5, 2025) (ordering immediate release where the "record contain[ed] no indication that Petitioner received any individualized assessment of flight risk or danger, and Respondents ha[d] not identified any basis under § 1226(a) that could support Petitioner's continued detention"); *Lopez v. Benitez*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) ("[G]iven the nature of the constitutional violation Mr. Lopez Benitez sustained here—i.e., Respondents' failure

3

to conduct any kind of individualized assessment *before* detaining him—any post-deprivation review by an immigration judge would be inadequate."); *see also Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted."). Accordingly, the Court will order Petitioner released.

### III. CONCLUSION

For the reasons explained above, Petitioner is unlawfully detained under § 1225(b)(2)(A), and his constitutional right to due process requires his release from this unlawful detention. Accordingly,

**IT IS**, therefore, on this **21st** day of March, 2026,

**ORDERED** that the Petition, D.E. 1, is **GRANTED**, the Court having found that Petitioner's mandatory detention under 8 U.S.C. § 1225(b)(2) violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment of the United States Constitution; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from immigration detention by 5:00 p.m. on March 23, 2026, under the same conditions, if any, that existed prior to his detention; and it is further

**ORDERED** that if Petitioner is arrested under 8 U.S.C. § 1226(a) and the implementing regulations without a warrant, an initial individualized determination of flight risk and danger to the community and a timely bond hearing at which an immigration judge assesses whether he is a danger or a flight risk, then Petitioner may move to reopen this case; and it is finally

**ORDERED** that, within **3 days** of Petitioner's release, Respondents shall file a status report indicating compliance with this Order.

Evelyn Padin, U.S.D.J.